NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2598
_____

UNITED STATES OF AMERICA

v.

RASHEED WISE,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-16-cr-00576-001)
District Judge: Honorable Joseph H. Rodriguez
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 22, 2018

Before: SMITH, *Chief Judge*, HARDIMAN, and BIBAS, *Circuit Judges*.

(Filed: March 23, 2018)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Rasheed Wise appeals his judgment of sentence. Because Wise waived his right to appeal and there are no nonfrivolous issues for appeal, we will grant his counsel's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and dismiss the appeal.

I

Wise pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. Although Wise's offense level was 29, the Government agreed not to oppose a downward variance if he was sentenced between 100 and 125 months' imprisonment (the range applicable to an offense level of 24 and a criminal history category of VI). In return, Wise agreed not to file any appeal, collateral attack, or other writ or motion if his sentence fell within or below that range.

Wise pleaded guilty in the United States District Court for the District of New Jersey to the one-count Information described in the plea agreement. The District Court engaged in a colloquy with Wise under Rule 11 of the Federal Rules of Criminal Procedure, and ensured that he understood the rights he would be waiving by pleading guilty, the specific stipulations in the plea agreement, and the appellate waiver provision contained in the plea agreement. After establishing a sufficient factual basis for the plea and concluding that it was knowingly and voluntarily made, the District Court accepted Wise's guilty plea.

2

Although the Probation Office calculated Wise's advisory Guidelines range at 151–188 months' imprisonment, the District Court varied downward, sentencing Wise to 100 months' imprisonment and three years of supervised release. Wise filed this appeal, and his counsel moved to withdraw under *Anders*. Wise has not submitted a pro se brief.

## II[1]

When appointed counsel finds his client's appeal to be "wholly frivolous," "he should so advise the court and request permission to withdraw." *Anders*, 386 U.S. at 744. We then consider whether: (1) "counsel adequately fulfilled the [*Anders*] requirements," and (2) "an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

To meet the first prong, counsel must thoroughly examine the record in search of appealable issues and explain why they are frivolous. 3d Cir. L.A.R. 109.2(a). "[C]ounsel need not discuss every possible issue," but must assure the Court that "no further discussion of other areas of the case is necessary." *United States v. Marvin*, 211 F.3d 778, 780–81 (3d Cir. 2000) (quoting *United States v. Tabb*, 125 F.3d 583, 585 (7th Cir. 1997)).

Here, counsel's brief meets this standard, and an independent review of the record reveals no nonfrivolous issues. Counsel examined the record in search of appealable

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We exercise plenary review to determine whether the record presents any nonfrivolous issues. *Simon v. Gov't of V.I.*, 679 F.3d 109, 114 (3d Cir. 2012).

issues. After noting the appellate waiver, counsel states that he examined the guilty plea colloquy transcript, the sentencing transcript, the plea agreement, the draft and final PSR, the judgment, and the Rule 11 Application for Permission to Enter a Guilty Plea before concluding that there were no nonfrivolous issues for appeal. Counsel's brief explains that Wise knowingly and voluntarily pleaded guilty in a written plea agreement. Counsel further notes that the sentence imposed was within the agreed-upon Guidelines range and there were no unresolved sentencing issues. For these reasons, the brief concludes that there is no nonfrivolous basis to challenge the reasonableness of Wise's sentence. Counsel's *Anders* brief is therefore sufficient, and we will proceed to consider whether the appellate waiver is enforceable.

"If done knowingly and voluntarily, a statutorily created right to appeal is generally held to be waiveable." *United States v. Khattak*, 273 F.3d 557, 561 (3d Cir. 2001). We agree with counsel that Wise's appellate waiver was both knowing and voluntary. The waiver states, in relevant part:

> Rasheed Wise knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the total Guidelines offense level of 24.

App. 20. As mentioned, the District Court sentenced Wise to 100 months' imprisonment, which is at the bottom of the Guidelines range that results from an offense level of 24 and a criminal history category of VI. *See* USSG Ch. 5, Pt. A (Sentencing Table).

4

The District Court engaged in a thorough colloquy at the change of plea hearing, asking Wise: "Do you understand that as set forth in your plea agreement, you have waived the right to file any appeal, collateral attack or any other writ or motion . . . if that sentence falls within or below the guideline range that results from a total guidelines offense level of 24?" App. 44. Wise responded, "Yes." *Id.* The Court then asked: "Do you understand that your plea agreement only allows you to challenge your sentence if the Court imposes a prison term above those ranges or to challenge the Court's determination of your criminal history category?" *Id.* Wise again responded, "Yes." *Id.* The plea colloquy shows that Wise knowingly and voluntarily waived his right to appeal.

\* \* \*

For the foregoing reasons, we will grant counsel's motion to withdraw and dismiss Wise's appeal. Counsel also is relieved of any obligation to file a petition for writ of certiorari in the Supreme Court. 3d Cir. L.A.R. 109.2(b).